UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE LEWIS THORNTON, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS; WARDEN COOK, individual and official capacity; WARDEN BENTING, individual and official Capacity; WARDEN PONTO, individual and official capacity; OFFICER/JAILER BOYSEN, individual and official capacity; and MEDICAL OF SIOUX FALLS STATE PENITENTIARY,<br><br>Defendants. | 4:23-CV-04215-CCT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING** |

Plaintiff, Charlie Lewis Thornton, Jr., filed a pro se lawsuit. Docket 1. Thornton also moves for leave to proceed in forma pauperis. Docket 2.

I.    **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is

committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Thornton's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Thornton's motion for leave to proceed in forma pauperis, Docket 2, is granted.

II.    **28 U.S.C. § 1915 Screening**

   A.    **Factual Background**

Thornton was incarcerated at the South Dakota State Penitentiary (SDSP) on a parole hold.[1] Docket 1 at 1–3. Because the SDSP was overcrowded, defendants housed three inmates per cell, despite the cells being intended for two inmates. *Id.*

On March 17, 2022, Thornton's two cellmates attacked him while he was sleeping. *Id.* at 1–2. *But see* Docket 1-1 at 2, 4, 7–8, 10, 19–20, 38–39 (including medical records indicating that Thornton suffered an attack on March 7, 2022). The attack caused him serious injury to his jaw and facial structures and almost death. Docket 1 at 1, 3. *See generally* Docket 1-1 (containing medical records about his injury and recovery). Thornton claims that the attack occurred because of the overcrowded conditions at the SDSP, which caused increased physical contact, lack of sleep, and lack of privacy. Docket 1 at 1–2. Thornton also alleges that he was attacked because defendants permitted overcrowding and unsanitary conditions, housed violent

---

[1] Thornton was no longer incarcerated at the SDSP at the time he commenced this suit. *See generally* Docket 1.

2

and non-violent inmates together in close living quarters, acted negligently, and failed to follow prison policy. *Id.* at 2–4. In August 2022, Thornton had surgery to remove plates that were inserted into the left side of his face after the attack; he had an infection in the area because a nurse committed medical malpractice against him. Docket 1-1 at 49.

Thornton sues Cook, Benting, Ponto, and Boysen in their individual and official capacities. Docket 1 at 1. He does not specify what capacities he sues the Department of Corrections and Medical of Sioux Falls State Penitentiary.[2] *Id.* He requests $15,000,000 in damages. *Id.* at 3–4.

B.   **Legal Background**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[2] If the "complaint does not include an express statement that [he] is suing the individual defendants in their individual capacities, we consider [his] suit to be against the defendants in their official capacity." *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (internal quotation omitted).

3

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare

4

essentials, dismissal is appropriate. *See Beavers v. Lockhart,* 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

### C. Legal Analysis

#### 1. Claims Against Department of Corrections and Medical of Sioux Falls State Penitentiary

Thornton sues the South Dakota Department of Corrections and Medical of Sioux Falls State Penitentiary. Docket 1 at 1. The Eleventh Amendment bars suits against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *Cory v. White,* 457 U.S. 85, 90–91 (1982). In determining whether an entity is entitled to Eleventh Amendment immunity, the court examines powers created by state law, the degree of autonomy and control, and whether it is funded by the state treasury. *Greenwood v. Ross,* 778 F.2d 448, 453 (8th Cir. 1985) (citation omitted).

According to South Dakota statute, the Department of Corrections was created by the state legislature. See SDCL § 1-15-1.2. State correctional facilities, and their departments, are "under the direction and government of the Department of Corrections." SDCL § 24-1-4. The Department of Corrections is an arm of the state of South Dakota and, as such, is not subject to suit under § 1983. Thus, Thornton's claims against the Department of Corrections and Medical of Sioux Falls State Penitentiary are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii–iii).

5

### 2. Claims Against Cook, Benting, Ponto, and Boysen

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) (citation omitted). Thornton only requests money damages. Docket 1 at 3–4.

#### i. Official Capacity Claims

Thornton sues Cook, Benting, Ponto, and Boysen in their official capacities only for money damages. *Id.* These defendants are employees of the state of South Dakota. *See id.* "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* The state of South Dakota has not waived its sovereign immunity. Thus, Thornton's claims for money damages against Cook, Benting, Ponto, and Boysen in their official capacities are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

### ii. Individual Capacity Claims

#### a. Claims for Violation of Prison Policy

Thornton claims that defendants violated prison policy. Docket 1 at 2–4. However, violation of prison policy is not actionable under § 1983. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Thus, Thornton's claims for violation of prison policy are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

#### b. Eighth Amendment Claims[3]

Liberally construing Thornton's complaint, he alleges an Eighth Amendment failure to protect claim and an Eighth Amendment deliberate indifference to conditions of confinement claim. Docket 1.

To allege an Eighth Amendment failure to protect claim, Thornton must show two things. First, he must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Spruce*, 149 F.3d at 785. Second, he must demonstrate that prison officials were deliberately indifferent to that risk.

---

[3] Thornton claims that he was incarcerated at the SDSP on a parole hold. Docket 1 at 1. The Eastern District of Arkansas has recognized that when an inmate is in custody as a result of a parole violation, "his original conviction is the authority under which he was confined. Accordingly, he is a convicted prisoner and the Eighth Amendment applies to his claims." *Phillips v. Staley*, 2021 WL 6495292, at *3 (E.D. Ark. Dec. 1, 2021) (citations omitted), adopted by 2022 WL 122624 (E.D. Ark. Jan. 12, 2022). Thus, this court considers Thornton's claims as arising under the Eighth Amendment. However, he also claims that he was a pretrial detainee. Docket 1-1 at 49. Even if Thornton was to be considered a pretrial detainee at the time the alleged violations occurred, the Fourteenth Amendment gives pretrial detainees "rights which are *at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (internal quotation and citation omitted). These Fourteenth Amendment claims are analyzed under the same standard as the Eighth Amendment. *Compare Schoelch v. Mitchell*, 625 F.3d 1041, 1046–47 (8th Cir. 2010) *with Spruce v. Sargent*, 149 F.3d 783, 785 (8th Cir. 1998) and *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

*Id.* "Deliberate indifference requires a showing that the official knew the risk existed, but disregarded it." *Id.* (citation omitted).

In order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that: (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Simmons*, 154 F.3d at 807 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). An Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. *Villanueva v. George*, 659 F.2d 851, 854 (8th Cir. 1981). Even if no single condition would be unconstitutional in itself, the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment. *See id.*; *see also Tyler v. Black*, 865 F.2d 181, 183 (8th Cir. 1989).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Thornton's individual capacity claims must allege that each individual defendant either

8

directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See id.*

In Thornton's complaint, he generally alleges that defendants violated his rights. *See generally id.* However, he does not allege any particular action by any particular defendant that arises to a violation of his Eighth Amendment rights. *Id.* Thus, Thornton has **thirty days** to file an amended complaint.

If Thornton files an amended complaint, he should specifically:

> (1) identify and name as a Defendant each individual who allegedly violated his constitutional rights; (2) explain how each individual personally violated his constitutional rights; (3) state in what capacity he is suing each Defendant (individual capacity, official capacity, or both); (4) identify his prisoner status at the time of the alleged unconstitutional conduct; (5) state the injury he suffered as a result of each Defendant's alleged unconstitutional conduct; and (6) state what relief he seeks from the Court.

*Gray v. Does*, 2023 WL 7381414, at *2 (E.D. Ark. Oct. 30, 2023). "[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir 2000)). Thus, all claims that Thornton seeks to bring against defendants must be included in an amended complaint. He must also comply with this court's local rules, which require that "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1.

### c. Negligence and Medical Malpractice

Negligence and medical malpractice are not actionable under § 1983. *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005) (citation omitted); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted) (holding that medical malpractice is not actionable as a constitutional claim under the Eighth Amendment). Negligence and medical malpractice may be alleged as state-law claims when the court has original or supplemental jurisdiction over the claims.

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because these claims arise under state law, Thornton has not alleged federal question jurisdiction.

Because federal question jurisdiction under 28 U.S.C. § 1331 is inapplicable, the Court must determine whether diversity jurisdiction exists. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Thornton, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Thornton has not alleged that the parties are citizens of different states; thus, he has not alleged diversity of citizenship.

Although there are some exceptions, in an action where the district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Unless Thornton amends his complaint to allege a related federal claim that survives screening, this court lacks supplemental jurisdiction over Thornton's state-law claims.[4]

### III.   Motion to Appoint Counsel

Thornton requests that this court appoint him an attorney to help him. Docket 1-1 at 49. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* At this time, Thornton's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Thornton is capable of pursuing his claims pro se at this phase of litigation, and his motion for appointment of counsel, Docket 1-1, is denied.

---

[4] Thornton also claims that medical malpractice was committed by a nurse, but he has not named a nurse as a defendant. *See* Docket 1 at 1; Docket 1-1 at 49.

### IV. Conclusion

Thus, it is ORDERED:

1. That Thornton's motion for leave to proceed in forma pauperis, Docket 2, is granted.

2. That Thornton's claims against the Department of Corrections and Medical of Sioux Falls State Penitentiary are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That Thornton's claims for money damages against Cook, Benting, Ponto, and Boysen in their official capacities are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

4. That Thornton's claims for violation of prison policy are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

5. That Thornton has **thirty days** from the date of this court's screening order to file an amended complaint that complies with the Federal Rules of Civil Procedure and this court's local rules. Failure to do so will result in the dismissal of Thornton's complaint without prejudice.

6. That Thornton's motion to appoint counsel, Docket 1-1, is denied.

Dated November 14, 2024.

> BY THE COURT:
>
> /s/ *Camela C. Theeler*
> CAMELA C. THEELER
> UNITED STATES DISTRICT JUDGE